UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA V. LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social<br>Security,<br>　　　　Defendant. | ) Case No. SA CV 07-89-OP<br>)<br>)<br>) MEMORANDUM OPINION AND<br>) ORDER<br>)<br>)<br>)<br>)<br>)<br>) |

The Court[2] now rules as follows with respect to the three disputed issues listed in the Joint Stipulation ("JS").[3]

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of the Social Security Administration. Thus, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 6, 8.)

[3] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the

(continued...)

# I.

# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues which Plaintiff is raising as the grounds for reversal and/or remand are as follows:

1) Whether the ALJ properly considered the State Agency physician's opinion of mental residual functional status;

2) Whether the ALJ posed a complete hypothetical to the vocational expert ("VE"); and

3) Whether the ALJ properly determined that Plaintiff could perform her past relevant work.

(JS at 3.)

# II.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider

---

[3](...continued)
Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

## DISCUSSION

### A. The ALJ Properly Considered the State Agency Findings from the Plaintiff's Mental Residual Functional Capacity Assessment.

On August 26, 2003, Dr. Brian S. Taylor, a State Agency psychiatrist, completed a Mental Residual Functional Capacity Assessment on behalf of Plaintiff. In his assessment, Dr. Taylor indicated that Plaintiff is moderately to markedly limited in her ability to understand, remember, and carry out detailed instructions. (Administrative Record ("AR") at 496.) Plaintiff contends that the ALJ's failure to ever mention this opinion of Dr. Taylor was error. (JS at 3-4.) The Court disagrees.

It is well established in the Ninth Circuit that a treating physician's opinion is entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. §§ 404.1527(d), 416.927(d). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may

be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The same standards apply to examining physicians. See, e.g., Lester, 81 F.3d at 830-31.

In July 2003, examining psychiatrist, Dr. Karma Shulman, opined that Plaintiff was able to carry out simple and repetitive instructions, relate and interact with supervisors and co-workers, and maintain concentration for a normal work period. (AR at 492.) Dr. Shulman also found that Plaintiff's ability to deal with usual stresses encountered in competitive work was mildly impaired and that she would not be able to carry out complex tasks. (Id.) As previously noted, Dr. Taylor had found Plaintiff moderately to markedly limited in the ability to understand, remember, and carry out detailed instructions, and, like Dr. Shulman, concluded that Plaintiff could "perform simple repetitive tasks and all of the other basic demands of unskilled work." (AR at 249, 496-513.) Dr. Taylor also concluded that Plaintiff:

> retains the capacity to perform SRT [simple repetitive tasks] based on ability to understand simple instructions, perform a task when instructed to do so, to do so correctly and w/expected consisten[cy] and appropriate pace. She should be able to tolerate working in a usual environment w/usual work related stressors w/out significant limitation.

(Id. at 498.) In his decision, the ALJ stated: "A state agency psychiatric consultant [Dr. Taylor] reviewed the record on August 23, 2003, and essentially adopted Dr. Shulman's assessment, concluding that the claimant could[4]

---

[4] In the Joint Stipulation, Plaintiff misquotes this finding, claiming it
(continued...)

perform simple repetitive tasks and all of the other basic mental demands of unskilled work." (Id. at 249.)

In limiting Plaintiff to simple, repetitive work, the ALJ took into account both Dr. Shulman's and Dr. Taylor's opinions, thereby impliedly agreeing with Dr. Taylor's conclusion that Plaintiff was unable to understand, remember, and carry out detailed instructions. (Id. at 253.) Thus, Plaintiff's argument is without merit.

**B.    There Was No Error in the Hypothetical Posed to the Vocational Expert.**

Plaintiff contends that the ALJ erred because the hypothetical posed to the VE failed to take into account Dr. Taylor's opinion that Plaintiff had moderate to marked limitations in the ability to understand, remember, and carry out detailed instructions. (JS at 7.) The Court disagrees.

"In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas, 278 F.3d at 956 (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir.1995)). Hypothetical questions posed to a VE need not include all alleged limitations, but rather only those limitations which the ALJ finds to exist. See, e.g., Magallanes, 881 F.2d at 756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). Thus, an ALJ must propose a hypothetical that is based on medical assumptions, supported by substantial evidence in the record, that reflects the claimant's limitations. Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66

---

[4](...continued)
reads "the claimant could <u>not</u> perform simple repetitive tasks . . . ." (JS at 3.) Perhaps this misreading of the decision is the reason Plaintiff raised this issue.

F.3d 179, 184 (9th Cir. 1995)); see also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995) (although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record).

Here, when the ALJ posed the hypothetical asking the VE to assume light work, occasional climbing, balancing, stooping, kneeling, crouching, and crawling, no unprotected heights, no hazardous equipment, and no uneven ground, the VE testified that Plaintiff still could perform the assembly packaging work, as well as her prior work as a cashier. (Id. at 587.) The VE also testified that Plaintiff's prior assembly packaging job was light, unskilled work. (AR at 584.) Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. See 20 C.F.R. § 416.968(a). Thus, the VE's testimony that Plaintiff could still perform her prior simple, unskilled jobs, accommodated the ALJ's RFC limitation of "simple" work, and there was no error.

Moreover, even assuming the ALJ should have included in the hypothetical the opinion that Plaintiff was unable to perform detailed tasks, the ALJ's RFC assessment already took this limitation into account when he found Plaintiff limited to simple, repetitive tasks. Thus, any error was harmless. Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990) (harmless error rule applies to review of administrative decisions regarding disability).

**C.   The ALJ Properly Determined that Plaintiff Could Perform Her Past Relevant Work.**

Plaintiff claims that the ALJ's RFC limitation is inconsistent with her prior assembly packaging job the VE stated Plaintiff could still perform. (JS at 9-12.) Specifically, Plaintiff claims that because work as an assembly line packager as described in the Dictionary of Occupational Titles ("DOT") requires a reasoning level of two, that position is inconsistent with i) the ALJ's finding that she was limited to simple, repetitive work, and ii) with Dr. Taylor's

finding that Plaintiff was moderately limited in his ability to understand, remember, and carry out detailed instructions. (Id.) Plaintiff apparently argues that she should be restricted to a job with a reasoning level of one. This Court does not agree.

A job's reasoning level "gauges the minimal ability a worker needs to complete the job's tasks themselves." Meissl v. Barnhart, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005). Reasoning development is one of three divisions comprising the General Educational Development ("GED")[5] Scale. DOT App. C. The DOT indicates that there are six levels of reasoning development. Id. Level two provides that the individual will be able to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." Id. Plaintiff apparently contends she is limited to a reasoning level of one, which provides "[a]pply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." Id.

As explained by the court in Meissl, the Social Security Regulations contain only two categories of abilities in regard to understanding and remembering things: "short and simple instructions" and "detailed" or "complex" instructions. Meissl, 403 F. Supp. 2d at 984. The DOT has many more gradations for measuring this ability, six altogether. Id. The court

---

[5] The GED scale "embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance. This is education of a general nature which does not have a recognized, fairly specific occupational objective. Ordinarily, such education is obtained in elementary school, high school, or college. However, it may be obtained from experience and self-study." DOT App. C.

explained:
> To equate the Social Security regulations use of the term "simple" with its use in the DOT would necessarily mean that all jobs with a reasoning level of two or higher are encapsulated within the regulations' use of the word "detail." Such a "blunderbuss" approach is not in keeping with the finely calibrated nature in which the DOT measures a job's simplicity.

Id.

Furthermore, the term "uninvolved" in the DOT level two explanation qualifies the term "detailed" and refutes any attempt to equate the Social Security Regulations' use of the term "detailed" with the DOT's use of that term. Id. The Meissl court also found that a plaintiff's RFC must be compared with the DOT's reasoning scale. A reasoning level of one suggests the ability to perform slightly less than simple tasks that are in some sense repetitive. For example, they include the job of counting cows as they come off a truck or tapping the lid of a can with a stick. Id. The ability to perform simple, repetitive instructions, therefore, indicates a level of reasoning sophistication somewhere above level one. See, e.g., Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (holding that "level-two reasoning appears more consistent with Plaintiff's RFC" to "simple and routine work tasks"). The DOT's level two definition provides that the job requires the understanding to carry out detailed instructions, with the specific caveat that the instructions be "uninvolved" – that is, not a high level of reasoning. Meissl, 403 F. Supp. 2d at 985.

Here, the Court finds that the DOT's reasoning development Level 2 requirement does not conflict with the ALJ's prescribed limitation that Plaintiff could perform only simple, repetitive work. See, e.g., Meissl, 403 F. Supp. 2d at 984-85 (finding that reasoning development Level 2 does not conflict with

the ALJ's prescribed limitation that plaintiff perform simple, routine tasks); see generally Hackett, 395 F.3d at 1176.  Also, based on the reasoning in Part III.A, supra, it also does not conflict with Dr. Taylor's finding that Plaintiff was moderately limited in her ability to understand, remember, and carry out detailed instructions.

Accordingly, the Court finds that the ALJ sustained his burden of proving there is work in the economy that Plaintiff can perform.  Thus, there was no error.

## IV.
## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: June 17, 2008

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge